UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

ANTHONY CERAOLO,

              Debtor.

Chapter 7

Case No. 07-22197 (ASH)

-----------------------------------------------------------------x
-----------------------------------------------------------------x

In re:

ANTHONY CERAOLO,

              Appellant.

Civil Case No. 07-cv-8400 (CLB)

-----------------------------------------------------------------x

# BRIEF OF APPELLANT ANTHONY CERAOLO

DUFFY & ATKINS LLP
Todd E. Duffy (TD 9863)
James E. Atkins (JA 4922)
Dennis J. Nolan (DN 0853)
Seven Penn Plaza, Suite 420
New York, New York 10001
Tel: (212) 268-2685
Fax: (212) 500-7972

*Attorneys for Appellant Anthony Ceraolo*

# TABLE OF CONTENTS

Page

**TABLE OF AUTHORITIES** ...................................................................................- i -

**PRELIMINARY STATEMENT** ............................................................................-1-

**JURISDICTION** ...................................................................................................-2-

**STANDARD OF APPELLATE REVIEW** ...........................................................-2-

**STATEMENT OF ISSUES ON APPEAL** ............................................................-2-

**STATEMENT OF CASE AND FACTS** ...............................................................-3-

**ARGUMENT**........................................................................................................-6-

    **POINT I** .........................................................................................................-6-

    **THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE DEBTOR LACKED STANDING TO OBJECT TO THE SETTLEMENT AGREEMENT WHERE THE DEBTOR MAY BE ENTITLED TO A SURPLUS IN THE ESTATE** .......................................................................................................-6-

    **POINT II** .......................................................................................................-9-

    **THE BANKRUPTCY COURT IMPROPERLY DECIDED EQUITABLE DISTRIBUTION ISSUES** ..............................................................................-9-

**CONCLUSION** ...................................................................................................-11-

# TABLE OF AUTHORITIES

**Cases** ..................................................................................................................**Page**
*Image Carrier Corp. v. Beame, et al.*, 567 F.2d 1197 (2d Cir. 1977) ............................... 6
*In re Cole*, 202 B.R. 356 (Bankr. S.D.N.Y. 1996)............................................................ 10
*In re Goodwin's Discount Furniture, Inc.*, 16 B.R. 885 (1st Cir. BAP 1982)..................... 6
*In re Greenwald*, 134 B.R. 729 (Bankr.S.D.N.Y.1991) ................................................... 10
*In re Ogden N.Y. Servs., Inc. (Sempra Energy Trading Corp. v.
  Covanta Union, Inc.)*, 312 B.R. 729 (S.D.N.Y. 2004).................................................. 2
*In re Silverman*, 10 B.R. 734 (Bankr. S.D.N.Y. 1981),
  *aff'd* 37 B.R. 200 (S.D.N.Y. 1982) ............................................................................... 7
*Kapp v. Naturelle, Inc.*, 611 F.2d 703 (8th Cir. 1979)........................................................ 6
*Musso v. Ostashko*, 468 F.3d 99 (2d Cir. 2006) .............................................................. 10
*Perry v. First Citizens Fed. Credit Union*, 304 B.R. 14 (D.Mass 2004) ........................... 8
*Sierra Club v. Morton*, 405 U.S. 727 (1972) ..................................................................... 6
*Sinha v. Sinha*, 285 A.D.2d 801, 727 N.Y.S.2d 537 (2d Dep't 2001)................................ 9
*Willemain v. Kivitz*, 764 F.2d 1019 (4th Cir. 1985)........................................................... 6

**Statutes** ............................................................................................................**Page**
11 U.S.C. § 726.................................................................................................................. 8
11 U.S.C. § 726(a)(6).................................................................................................... 6, 7
28 U.S.C. § 158(a)(1)........................................................................................................ 2
N.Y. Dom. Rel. Law §236(B)(5)(a)............................................................................... 5, 9

**Rules** .................................................................................................................**Page**
Fed. R. Bankr. P. 8002(a) ................................................................................................. 2
Fed. R. Bankr. P. 8013...................................................................................................... 2

**Treatises** ..........................................................................................................**Page**
N.Y. Dom. Rel. Law §236, Part B *Practice Commentaries*, C 236B:23 at 407-708 ......... 9

**PRELIMINARY STATEMENT**

In approving the relief requested in the Application (defined below), the Bankruptcy Court erred as a matter of law when it held that 1) notwithstanding the very real possibility of a surplus, the Debtor had no standing to object to the Application; and 2) that the Debtor's wife was entitled to fifty percent of any proceeds of a successful fraudulent conveyance action despite the fact that the Supreme Court overseeing the parties' matrimonial action had yet to issue a judgment of divorce or otherwise rule as to whether the subject properties were part of the marital estate and, if so, how they should be divided upon entry of the judgment of divorce.

Specifically, the Bankruptcy Court erred when it held that because fraudulent conveyance claims are instituted for the benefit of creditors, the Debtor has no standing to assert an objection to the Application; even where the proceeds of such an action may provide a surplus to the debtor.  It is well-settled in this Circuit, however, that a debtor has a pecuniary interest in a bankruptcy estate where there may be a surplus and that pecuniary interest is sufficient to confer standing on the Debtor for purposes of his objection to the Application.

Second, having denied the Debtor his rightful opportunity to object, the Bankruptcy Court further erred and overstepped its jurisdiction – as delineated in the New York Domestic Relations Law and its own order – by deciding the respective interests of the Debtor's estate and his wife's in three pieces of real property that were the subject of the matrimonial proceeding.  The Bankruptcy Court's Order violates the plain language of the New York Domestic Relations Law which provides that the Supreme Court has exclusive jurisdiction to determine the equitable distribution of a marital estate.

Therefore, the Bankruptcy Court exceeded its jurisdiction in deciding these matrimonial issues.

Accordingly, this Court should reverse the Bankruptcy Court's decision and Order, deny the Application and allow the prepetition matrimonial action to continue to judgment.

## JURISDICTION

On July 26, 2007, the Bankruptcy Court entered its order approving the Application.  See Order dated July 26, 2007, Appellant's Designation ("A.D.") #26[1].  On August 11, 2007, the Debtor filed his notice of appeal in accordance with Rule 8002(a) of the Federal Rules of Bankruptcy Procedure.  This Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

## STANDARD OF APPELLATE REVIEW

Conclusions of law of the Bankruptcy Court are subject to *de novo* review.  *In re Ogden N.Y. Servs., Inc. (Sempra Energy Trading Corp. v. Covanta Union, Inc.)*, 312 B.R. 729, 730 (S.D.N.Y. 2004).  The Bankruptcy Court's findings of fact are reviewed for clear error.  Fed. R. Bankr. P. 8013.

## STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court err in holding as a matter of law that the Debtor did not have standing to object to the Application where it was estimated that the Fraudulent Conveyance Action, if successful, would yield more than sufficient funds to satisfy all creditors and create a surplus?

---

[1] Appellant's Designation refers to Appellants' Designation of Items to be Included in the Record on Appeal and Statement of Issues filed with the Bankruptcy Court on August 10, 2007.

2. Did the Bankruptcy Court err as a matter of law in determining the distribution of marital assets when there was a pending divorce action before the Supreme Court and that court had yet to rule on the divorce or on the distribution of the marital estate?

## STATEMENT OF CASE AND FACTS

By this appeal, Anthony Ceraolo (the "Debtor") requests that this Court reverse the order of the United States Bankruptcy Court of the Southern District of New York (the "Bankruptcy Court") dated July 26, 2007 approving the Application for an Order Approving Settlement of Trustee's Claim dated June 14, 2007 (the "Application"). See Order dated July 26, 2007, A.D. #26.

Prior to the Debtor filing his volutary petition for relief under the bankruptcy laws, on or about June 15, 2006, Janet Rivera, the Debtor's spouse, commenced an action for divorce against the Debtor (the "Matrimonial Action"). See Statement in Support of the Application, A.D.#22, at p. 1. In the Matrimonial Action, Ms. Rivera seeks, in part, a judgment determining the respective rights of the parties in separate and marital property, as well as equitable distribution of the marital property. Id. Ms. Rivera also filed a separate action in the Supreme Court of the State of New York, Westchester County, seeking to set aside certain transfers of real property by the Debtor (the "Fraudulent Conveyance Action"). Id. On or about February 7, 2007, Ms. Rivera moved in the Matrimonial Action to consolidate the Matrimonial Action and the Fraudulent Conveyance Action. Id.

On March 7, 2007 (the "Petition Date"), the Debtor filed his petition under chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code). See Motion to

Approve, A.D. #17, at p. 1.  Thereafter, Mark S. Tulis was duly appointed as the chapter 7 trustee to administer the Debtor's estate (the "Trustee").  Id.  Both the Matrimonial Action and the Fraudulent Conveyance Action were stayed as of the Petition Date by operation of the automatic stay set forth in section 362 of the Bankruptcy Code.

On or about March 22, 2007, Ms. Rivera filed a motion with the Bankruptcy Court seeking to modify the automatic stay to permit the Matrimonial Action to continue to its conclusion, including resolving the parties' distributive interest in the marital property.  See Motion for Relief from the Automatic Stay, A.D. #6.  The Trustee and the Debtor consented to the motion.  See Motion to Approve, A.D. #17, at p. 2.  By Order dated April 4, 2007, the Bankruptcy Court granted the motion.  See Order dated April 4, 2007, A.D. #8, which provided as follows:

    1)    Pursuant to 11 U.S.C. Section 362(d) the automatic stay herein is modified so as to permit the Applicant to continue prosecution of her pending marital proceedings against the Debtor to a conclusion in the Supreme Court of the State of New York, County of Westchester in all respects.

    2)    This Order shall have no effect on any other pending litigation between the Movant and the Debtor.

    3)    In the event the Applicant is successful in obtaining a judgment from Matrimonial Court for her distributive share of the martial [sic] property, the automatic stay shall remain in effect with respect to any and all of Applicant's enforcement rights with respect to said judgment.

Notwithstanding the Court's direction that the Debtor and Ms. Rivera resolve all issues related to entitlement of marital property in the Supreme Court, on or about June 14, 2007, the Trustee filed an application with the Bankruptcy Court in which he asked the court to fix the Debtor's interest in three pieces of real property, including the former

marital home[2] (the "Marital Property"). See Motion to Approve, A.D.#17. With respect to the two properties that are the subject of the Fraudulent Conveyance Action, the Trustee also sought to provide for the Debtor's estate and Ms. Rivera to share 50-50 the proceeds of from those actions. Id. The parties' interest in each of the three properties is a matter in dispute in the Matrimonial Action. Id.

The Debtor objected to the Trustee's Application on July 20, 2007 on several grounds, including that all decisions regarding entitlement and distribution of marital assets should be decided by the Supreme Court in the Matrimonial Action because N.Y. Dom. Rel. Law §236(B)(5)(a) provides that the Supreme Court has exclusive jurisdiction to resolve such matters. See Objection to Motion, A.D. #23.

On July 25, 2007, the Application was heard by the Bankruptcy Court (the "Hearing"). The Bankruptcy Court granted the Application and overruled the Debtor's objection. Judge Hardin held that 1) the Debtor had no standing to object to the Application because the Debtor, as a matter of law, is not entitled to the proceeds of a fraudulent conveyance action in which he was the transferring party; and 2) the Bankruptcy Court had jurisdiction to determine the Debtor's and his former wife's equitable distribution rights in the three properties. See Transcript of Status Conference, A.D. #28 at pp. 16-17 and p. 19, respectively. The Court entered its Order on July 26, 2007.

On August 10, 2007, the Debtor filed a Notice of Appeal and Appellant's Designation of Items to be Included in the Record on Appeal and Statement of Issues.

---

[2] Located at 44 Briary Road, Dobbs Ferry, New York 10522.

## ARGUMENT

## POINT I

### THE BANKRUPTCY COURT ERRED IN HOLDING THAT THE DEBTOR LACKED STANDING TO OBJECT TO THE SETTLEMENT AGREEMENT WHERE THE DEBTOR MAY BE ENTITLED TO A SURPLUS IN THE ESTATE

In its decision, the Bankruptcy Court held that the Debtor did not have standing to object to the Settlement Agreement. Transcript of Status Conference, A.D. #28 at p.16-17. It is well-settled, however, that a debtor has a pecuniary interest in an estate where there may be a surplus after payment of creditors' claims. Here, according to the Trustee's own estimates of the values of the properties, if the three properties are brought within the Debtor's estate, there will be more than sufficient funds to satisfy the claims of all creditors and to create a surplus that would be paid to the Debtor. Id. at p. 14. As a result, the Debtor has a direct financial interest in the outcome of the litigation. Accordingly, the Bankruptcy Court's decision that the Debtor lacked standing to object to the Application was mistaken and must be reversed.

Where, as is the case here, there is a reasonable likelihood that a debtor would receive a distribution from estate litigation, such debtors have standing to be heard and are presumed to be a party-in-interest. *See* 11 U.S.C. § 726(a)(6). "Standing", in a general context, refers to whether a party "has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy…." See *Sierra Club v. Morton*, 405 U.S. 727, 731-732 (1972); *Image Carrier Corp. v. Beame, et al.*, 567 F.2d 1197, 1201 (2d Cir. 1977) (economic interests at stake sufficient to confer standing). Indeed, in the bankruptcy context, it is well-settled that a debtor has standing where a surplus may be left to the estate. *See Kapp v. Naturelle, Inc.,* 611 F.2d 703, 706-07 (8th Cir. 1979)*; Willemain v. Kivitz,* 764 F.2d 1019, 1022 (4th Cir. 1985); *In re Goodwin's*

*Discount Furniture, Inc.*, 16 B.R. 885, 888 (1st Cir. BAP 1982); *In re Silverman*, 10 B.R. 734 (Bankr. S.D.N.Y. 1981), *aff'd* 37 B.R. 200 (S.D.N.Y. 1982).

During the Hearing, the Court requested that the Trustee estimate the values of the properties transferred. Here, given the estimates offered by the Trustee, the Debtor could realistically receive a distribution as a result of the alleged fraudulent conveyance litigation:

> Number one is the Main Street Docks Ferry property and that property has a mortgage on it, which was apparently used to improve the property, and I think the value of that property is certainly [$]750[,000] based on the analysis done by Mr. Butterworts.
>
> Number two is the house that was transferred back and forth to the daughter in the Bronx. That had a better claim on. I mean, I don't want to say I don't have a claim or not, but I have a better claim on that and that claim is probably in the $400,000 range assuming I win.
>
> Transcript of Status Conference, A.D. #28 at p. 14.

Thus, according to the Trustee, the estate could realize a total of at least $1.6 million from these properties ($200,000+ from the marital home plus $1.4 million from the fraudulent litigation claims). Yet, as the Debtor's amended schedules reveal, the Debtor has no more than $809,000 in liabilities. As the claims register stands today, the Debtor's liability is only approximately $130,000.00 [3] Therefore, the Debtor would certainly receive a distribution as a result of any recovery under the fraudulent conveyance litigation. *See* 11 U.S.C. § 726(a)(6).

---

[3] During the Hearing, Judge Hardin asked counsel the total amount of liabilities were in this estate. The Trustee responded that there were approximately $5,000,000 and another attorney agreed. (Though the transcript attributes this concurrence to Debtor's counsel, in fact another attorney, possibly counsel to Ms. Rivera, spoke those words.) *See* Transcript of Status Conference, A.D. #28 at p.13.

- 7 -

Despite the clear economic interest of the Debtor in these properties and in the Application, the Bankruptcy Court held that the Debtor, as a matter of law, cannot base his standing on recoveries from fraudulent conveyance actions:

> THE COURT: I don't think that the debtor has an economic standing in a fraudulent conveyance action where it is the debtor himself who is alleged to have fraudulently conveyed the property.
>
> MR. REICH: Isn't that presumed Your Honor?
>
> THE COURT: That fraudulent conveyance claim is not for the benefit of the debtor. Were there no creditors or where the creditors claims to be satisfied by other means, there would be no fraudulent conveyance claim on behalf of a debtor seeking to undue his own fraudulent conveyances. So the debtor has no standing to object to this settlement.
>
> Transcript of Status Conference, A.D. #28 at pp. 16-17.

This analysis however, ignores the plain language of 11 U.S.C. § 726. The statutory scheme of payments delineated under that section of the Bankruptcy Code makes it clear that if all creditors are paid in full and there is money left over in the estate, that money is to be distributed to the debtor. There is simply no exception carved out of the statute for money brought into the estate by a fraudulent conveyance action. See, *e.g.*, *Perry v. First Citizens Fed. Credit Union*, 304 B.R. 14 (D.Mass 2004) (allowing debtor to object to proof of claim that would affect surplus to debtor even though trustee had commenced fraudulent conveyance proceedings against him). Accordingly, the Court's dismissal of the Debtor's objection for lack of standing was erroneous under the law and must be reversed.

## POINT II

## THE BANKRUPTCY COURT IMPROPERLY DECIDED EQUITABLE DISTRIBUTION ISSUES

In addition to improperly holding that the Debtor lacked standing to object to the Trustee's settlement of its claims, the Bankruptcy Court erred in approving the Trustee's settlement that encompassed a distribution of marital assets. The Bankruptcy Court should have denied the Trustee's application because the settlement agreement goes to the very issues that the Debtor and Ms. Rivera are currently disputing in the Matrimonial Action, *i.e.,* whether Ms. Rivera has any spousal interest in various properties that the Debtor may or may not have owned before and during their marriage. The settlement, as approved by the Bankruptcy Court, entitles Ms. Rivera to fifty percent of any proceeds of the fraudulent conveyance litigation that the Debtor presumes the Trustee will inevitably commence.

It is black letter law that, in New York, a spouse's right to equitable distribution of the marital assets does not vest until a divorce judgment is obtained. N.Y. Dom. Rel. Law § 236(B)(5)(a). Section 236(B)(5)(a), the equitable distribution statute, provides:

> Except where the parties have provided in an agreement for the disposition of their property pursuant to subdivision three of this part, the court, in an action wherein all or part of the relief granted is divorce…shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.

N.Y. Dom. Rel. Law § 236(B)(5)(a).

*See also Sinha v. Sinha*, 285 A.D.2d 801, 803, 727 N.Y.S.2d 537 (2d Dep't 2001) (holding that "parties' respective rights in their marital property [cannot] be determined unless and until Supreme Court [has] granted a divorce"); N.Y. Dom. Rel. Law §236, Part B *Practice Commentaries,* C 236B:23 at 407-708 (stating that although "no rights in

- 9 -

equitable distribution vest upon commencement of the [matrimonial] action ... once the court decides that a divorce will be granted or that the marriage will otherwise be terminated, equitable distribution is then assured and the right to it vests.")

Recognizing that spouses' respective rights in marital assets do not vest under New York law until an entry of judgment dissolving a marriage, the courts in this Circuit facing questions similar to those raised here have concluded that equitable distribution issues must be decided by the Supreme Court overseeing the marital proceedings. *See In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996) ("[i]f the equitable distribution law creates statutory rights in marital property, the bankruptcy court must honor them"); see also *Musso v. Ostashko*, 468 F.3d 99 (2d Cir. 2006) (holding that wife's interest in marital property vested upon granting of judgment of divorce, even though judgment docketed postpetition); *In re Greenwald,* 134 B.R. 729, 731 (Bankr.S.D.N.Y.1991) ("rights to the distributive award vest[ ] upon the entry of the Judgment of Divorce").

Here, there has been no ruling in the Matrimonial Action that states that she is entitled to this windfall. Indeed, there has been no ruling that any of the subject properties are marital property. In fact, Ms. Rivera moved for, and the Bankruptcy Court granted, modification of the automatic stay "to permit the Application to continue prosecution of her pending marital proceedings against the Debtor to a conclusion in the Supreme Court of the State of New York, County of Westchester in all respects." See Order dated April 4, 2007, A.D. #8. The Bankruptcy Court's decision approving the Application not only violates state law but vitiates its own prior decision.

The parties in the Matrimonial Action were required to litigate whether Ms. Rivera has any marital interest in the disputed properties. The Bankruptcy Court should

have denied the Application to approve the settlement agreement and allowed the parties to continue their proceedings in connection with the Matrimonial Action through judgment by the New York Supreme Court, as required by New York law.  Therefore, the Bankruptcy Court's decision should be reversed.

## CONCLUSION

For the reasons set forth above, the Decision and Order of the Bankruptcy Court should be reversed and the Matrimonial Action should be allowed to continue to the entry of judgment.

Dated: October 18, 2007
      New York, New York

### DUFFY & ATKINS LLP

By:   /s/ Todd E. Duffy
Todd E. Duffy (TD - 9863)
James E. Atkins (JA - 4922)
Dennis J. Nolan (DN – 0853)
Seven Penn Plaza, Suite 420
New York, New York 10001
Telephone: (212) 268-2685
Facsimile:  (212) 500-7972
Attorneys for Appellant Anthony Ceraolo