UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                    Chapter 7
                                                                          Case No. 07-22197 (ASH)

ANTHONY CERAOLO,


                                              Debtor.
-------------------------------------------------------------X
-------------------------------------------------------------X
                                                                          Civil Case No.07-cv-8400(CLB)

In re:


ANTHONY CERAOLO,


                                              Appellant.
-------------------------------------------------------------X

## BRIEF OF APPELLEE MARK S. TULIS, CHAPTER 7 TRUSTEE OF ANTHONY CERAOLO, DEBTOR


OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER LLP
Attorneys for Appellee Mark S. Tulis,
Chapter 7 Trustee of Anthony Ceraolo, Debtor
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900
Of Counsel: Stuart E. Kahan (SK - 7767)

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF ISSUE ON APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

POINT I:    THE BANKRUPTCY COURT'S DETERMINATION
            THAT THE APPELLANT LACKED STANDING TO
            OBJECT TO THE SETTLEMENT WAS CORRECT . . . . . . . . . . 8

POINT II:   THE BANKRUPTCY COURT'S DECISION TO
            APPROVE THE SETTLEMENT WAS NOT
            MANIFESTLY ERRONEOUS AND A CLEAR
            ABUSE OF DISCRETION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

Case Law                                                                    Page

*Chemtex, LLC v. St. Anthony Enterprises, Inc.*
    490 F.Supp. 2d. 536 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Calpine Corporation,*
    2007 WL 3119786 (Bankruptcy S.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Iridium Operating LLC,*
    478 F. 3d 452 (2d. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Loronda Murphy*, 331 B.R. 107 (Bankruptcy S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . 8

*Musso v. Ospashko*, 468 F.3d 99 (2d. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re NW Investors II, LLC,*
    2007 WL 2228151 (E.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Reserve Capital Corporation v. Levine*
    2007 WL 32979 (N.D.N.Y. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*TMT Trailer Ferry Protective Committee for*
*Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,*
    390 U.S. 414 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10


## Federal Rules of Bankruptcy Procedure
Rule 8005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8
Rule 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
Rule 9019 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Statute
11 U.S.C. Section 726 (a) (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

Appellee Mark S. Tulis, Chapter 7 Trustee of Anthony Ceraolo, Debtor, ("Trustee") asks

this court to affirm the order of Bankruptcy Judge Adlai S. Hardin dated July 26, 2007 ("Order").

In that order, Judge Hardin approved the Trustee's application to settle the Trustee's claim of

Janet Rivera, the Debtor's estranged spouse.  The order provided:

1. That Ms. Rivera would turn over to the Trustee the sum of $200,000.00 to purchase the Trustee's right, title, and interest in the Debtor's interest in real property located at 44 Briary Road, Dobbs Ferry, New York;

2. That all fraudulent transaction litigations be litigated in Bankruptcy Court by the Trustee; and

3. That the net proceeds of the fraudulent transaction litigations be shared equally between the estate and Ms. Rivera.

Neither the Debtor nor creditor Walter Sakow, both of whom filed opposition to the

Trustee's application presented any objections to the first two portions of Judge Hardin's order.

Both the Debtor and creditor Sakow objected to the final portion of the order regarding the equal

sharing of any net proceeds from the fraudulent conveyance litigations to be commenced by the

Trustee.

It is the Trustee's position that not only does the Appellant lack standing to oppose the

Trustee's application, but further that Judge Hardin's order should be affirmed because the

court's determination cannot be considered manifestly erroneous and a clear abuse of discretion.

1

Additionally, this appeal has been rendered moot, by virtue of Appellant's failure to seek a stay from either the Bankruptcy Court or this Court pursuant to Bankruptcy Rule 8005 for a stay of Judge Hardin's order pending appeal. Subsequent to the issuance of Judge Hardin's order, the Trustee and Ms. Rivera completed the first portion of Judge Hardin's order in which Ms. Rivera paid to the Trustee the sum of $200,000.00 representing the Trustee's right, title and interest in the Debtor's interest to the marital property located at 44 Briary Road, Dobbs Ferry, New York. Since the transaction has been completed without any effort by the Debtor or Mr. Sakow to stop the transaction this appeal should be dismissed.

Finally, the Trustee wishes to advise this court that the Trustee commenced a fraudulent conveyance action against multiple defendants including the debtor as part of an adversary proceeding in Bankruptcy Court. A summons was issued on November 5, 2007 and the matter has been assigned Case No. 07-08315 (ASH). A Pre-Trial Conference is scheduled before Judge Hardin on December 11, 2007.

## STANDARD OF APPELLATE REVIEW

Judge Arthur Spatt recently restated the standard of review of a District Court hearing an appeal from a Bankruptcy Court Order. In *In re NW Investors II, LLC*, 2007 WL 2228151 (E.D.N.Y. 2007), the court wrote:

> A District Court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard; see Federal Rule Bankruptcy Procedure 8013, while its conclusions of law are reviewed de novo. A District Court should not overturn a bankruptcy court's order approving a settlement agreement unless the order approving the settlement is "manifestly erroneous and a clear abuse of discretion." (Citations omitted)

2007 WL 222815 at p. 3

## STATEMENT OF ISSUES ON APPEAL

1. Did the Bankruptcy Court correctly rule that the Appellant lacked standing to challenge the Trustee's application to approve a settlement with the Appellant's estranged spouse?

2. Was the Bankruptcy Court correct by approving that portion of the Trustee's settlement providing that the net proceeds of any future fraudulent conveyance litigations would be shared equally between the estate and the Appellant's estranged spouse?

3

## STATEMENT OF THE CASE

The Debtor's Appeal is from an order of Bankruptcy Judge Adlai S. Hardin, Jr. granting the Trustee's application to settle a claim with the Debtor's estranged spouse Janet Rivera (Appellate Document No. 26).    Objections to the Trustee's Application were filed on behalf of the Debtor and a creditor Walter Sakow (Appellate Document Nos. 19, 20).

Oral argument was conducted before Judge Hardin on July 25, 2007 (Appellate Document No. 28).  Initially, Judge Hardin approved that portion of the Trustee's application whereby Ms. Rivera agreed to pay to the Trustee the sum of $200,000.00 representing the Debtor's interest in the marital home located in Dobbs Ferry, New York.  Judge Hardin noted:

> It seems to me that that part of the settlement is terribly reasonable.
> It's reasonable because the differential [of] $33,000.00 it seems to me
> more than take cognizance of two things: one, the fact that the house
> has been deeded in the wife's name since 2001; and two, the cost of
> litigating the Trustee's entitlement to any portion of the value of the
> house.  It seems to me to be an extraordinarily good settlement.  It's
> very good for the estate and especially given the second aspect of
> the settlement, I think it's good for the wife, too.  It's one of those
> genuinely win - win situations.

(Appellate Document No. 28 at p. 5)

Neither the Appellant nor creditor Sakow were opposed to the second portion of the Trustee's application whereby the fraudulent conveyance litigations would be commenced in Bankruptcy Court and prosecuted by the Trustee (Appellate Document No 28 at p. 12).

4

The issue which resulted in the appeal to this court revolves around the third portion of the Trustee's application which is that the Trustee would equally share with Ms. Rivera the net proceeds of the fraudulent conveyance actions. As noted in the preliminary statement, a fraudulent conveyance action has recently been commenced by the Trustee. A summons with notice was filed on November 5, 2007 and a Pre-Trial Conference is scheduled for December 11, 2007.

The Appellant's counsel explained his opposition to the proposed agreement relating to the fraudulent conveyance actions as follows:

> However, without jurisdiction to determine the equitable distribution of marital estate . . . of the marital property which is certainly entrusted to the New York State Supreme Court, whether this is saving money or whether his . . . whether the Trustee's counsel has informed him of what normally goes on, Mr. Reich's (counsel for Ms. Rivera in the bankruptcy proceeding) papers are very clear that the New York State Supreme Court has not ruled on this. And since this is a statutory-based jurisdictional question, the statute is very clear about where the jurisdiction lies as to equitable distribution.

(Appellate Document No. 28 at p. 12)

Judge Hardin then inquired why the Debtor has any interest in this proceeding or to the quote the court's question, "Does the Debtor have a dog in this fight?" Appellant's counsel responded:

> Two reasons. One is because she'd like to see the maximum go back to his creditors, but the second reason is that there may be enough if the fraudulent litigations are successful to distribute something to the debtor.

(Appellate Document No. 28 at pp. 12-13)

5

Regarding the issue of the Appellant's interest in this settlement, Judge Hardin noted,

> The debtor's economic interest is solely the possibility that these fraudulent conveyances may be set aside and that the Debtor may have a right to get back some of that money if the wife's interests are found by the matrimonial court to nil or very modest.

(Appellate Document No. 28 at p. 16)

The court went on to note, "I don't think that the debtor has an economic standing in a fraudulent conveyance action where it is the debtor himself who is alleged to have fraudulently conveyed property." Judge Hardin further noted, "that fraudulent conveyance claim is not for the benefit of the debtor. Were there no creditors or where the creditors claims to be satisfied by other means, there would be no fraudulent conveyance claim on behalf of the debtor seeking to undo his own fraudulent conveyance." (Appellate Document No. 28 at pp. 16-17)

After determining that the Appellant did not have standing to oppose the Trustee's application, Judge Hardin went on to consider the creditor Walter Sakow's arguments in opposition to the application. The Court noted:

> And so the question is whether or not number one, the Trustee has the power to settle that matrimonial claim. It's basically a claim against the Debtor's estate and I think there's no question that the Trustee has the power to settle the claim.

(Appellate Document No. 28 at p. 18)

Judge Hardin then went on to note:

> And it is true that as a general rule matrimonial claims if they're to
> be litigated are going not [to] be litigated and resolved in the domestic
> relations court, the state court. And Mr. Tulis doesn't disagree
> with that and certainly that has always been my ruling. That's
> why we lifted the stay in this case to permit a resolution in the
> domestic relations court. However, in terms of the wife's
> claim to equitable distribution, that claim is in effect a claim
> against the Debtor's estate which is vested in Mr. Tulis as
> the Trustee. . . And, therefore it seems to me that the Trustee
> has the power to reach an amicable resolution of that claim and
> that's all that being done here. The issue is not whether the
> court - this court has jurisdiction to entertain a litigation of
> the domestic relation issues and the right to equitable distribution.
> That's not the issue here. . . . The issue is whether or not this court
> can approve a settlement, an amicable settlement between the
> wife, a claimant adverse to the interests of Debtor's estate and
> the Trustee for the Debtor's estate. I think that the Trustee does
> have that right. And I think that this court does have the power
> and the jurisdiction to approve of the wife's - of the wife's
> claim against the Debtor's estate. I also believe and conclude
> that the settlement that the Trustee has reached on the advice
> of knowledgeable and competent matrimonial counsel is a
> reasonable settlement.

(Appellate Document 28 at pp. 18-19)

Finally, Judge Hardin noted,

> Well, overall it is my conclusion that this settlement is imminently (sic)
> reasonable and sensible to the point of view of the Debtor's estate and
> its creditors and I think also, frankly, from the perspective of the wife.
> It is an unusual settlement. It would be an unusual settlement when
> you say if each side didn't give up something significant. The wife is
> giving up almost the entirety by any calculation of a 50% interest in
> the matrimonial residence by buying out the Estate's interest in the
> residence for $200,000.00 now. In exchange for that, in exchange
> for a termination of litigation with regard to the residence, she is
> acquiring an interest in these several properties which may or may
> not result in fraudulent conveyance claims of the Estate. Overall
> the settlement is in my view a good one and it is certainly within
> the parameters that the case law defines for this Court's approval
> of a settlement.

(Appellate Document No. 28 at p. 22)

7

The Appellant did not seek a stay pursuant to Federal Rules of Bankruptcy Procedure Rule 8005. Since no stay was obtained the Trustee and the Appellant's estranged wife completed that portion of the approved settlement whereby Ms. Rivera paid to the Trustee the sum of $200,000.00 for the estate's interest in the former marital residence in Dobbs Ferry. Additionally, as noted above, a fraudulent conveyance action has now been commenced as an adversary proceeding in Bankruptcy Court and a Pre-Trial Conference is scheduled on December 11, 2007.

## ARGUMENT

## POINT I

### THE BANKRUPTCY COURT'S DETERMINATION THAT THE APPELLANT LACKED STANDING TO OBJECT TO THE SETTLEMENT WAS CORRECT

Appellant relies upon 11 U.S.C. Section 726 (a) (6) to support his proposition that the Bankruptcy Court erred in its determination that the Appellant lacks standing to challenge the Trustee's application. Appellant argues that since there is a theoretical possibility that there may be a surplus after all creditors are paid, then the Debtor has a pecuniary interest in the litigation and has standing. Appellant's argument is wrong.

Judge Hardin's decision that the Appellant lacked standing to challenge the Trustee's application is supported by both case law and statute. In *In re Loronda Murphy* 331 B.R. 107 (Bankruptcy S.D.N.Y. 2005), Judge Hardin evaluated this issue. In considering those entities which may benefit from commencement of an action to avoid a fraudulent conveyance, Judge Hardin noted, " courts have consistently held that an avoidance action can only be pursued if there is some benefit to creditors and may not be pursued if it would only benefit the debtor,"

(Citations omitted) 331 B.R. at p. 122.  The Court further noted, "the purpose of fraudulent conveyance law, whether state or federal, and of Section 548, is to prevent harm to creditors by a transfer of property from the debtor." 331 B.R. at 124.  Importantly, a fraudulent conveyance action is "not designed to effect the legal relationship between the transferor and the transferee." 331 B.R. at p. 124.

Since the fraudulent conveyance action commenced by the Trustee is for the benefit of the estate's creditors and <u>not</u> for the benefit of the Debtor, Judge Hardin's conclusion that the Appellant lacked standing to challenge the Trustee's application is entirely correct.  See: *In re Calpine Corporation,* 2007 WL 3119786 (Bankruptcy S.D.N.Y. 2007) and *Chemtex, LLC v. St. Anthony Enterprises, Inc.* 490 F.Supp. 2d. 536 (S.D.N.Y. 2007) ("to challenge a conveyance as fraudulent, a plaintiff must suffer prejudice or injury as a result of the conveyance at issue.").

The Appellant lacked standing to challenge the Trustee's application.  Since the Appellant did not oppose that portion of the Trustee's application relating to the marital residence or to the request that the fraudulent conveyance litigations be pursued in Bankruptcy Court there is no basis for the Appellant's appeal.  Further, it must be noted that the other objecting entity, creditor Walter Sakow did <u>not</u> file a Notice of Appeal from Judge Hardin's order.

## POINT II

### THE BANKRUPTCY COURT'S DECISION TO APPROVE THE SETTLEMENT WAS NOT MANIFESTLY ERRONEOUS AND A CLEAR ABUSE OF DISCRETION

In *In re Iridium Operating LLC*, 478 F. 3d 452 (2d. Cir. 2007), the Court of Appeals

considered Federal Rules of Bankruptcy Procedure Rule 9019.  Rule 9019 (a) provides:

> On motion by the trustee and after notice and a hearing, the
> court may approve a compromise or settlement.  Notice shall
> be given to creditors, the United States trustee, the debtor, and
> indenture trustees as provided in Rule 2002 and to any other
> entity as the court may direct.

The Court of Appeals in *In re Iridium* noted:

> Courts have developed standards to evaluate if a settlement is
> fair and equitable, and, to that end, courts in this Circuit have
> set forth factors for approval of settlements based on the
> original framework announced in *TMT Trailer Ferry
> Protective Committee for Independent Stockholders of TMT
> Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  Those
> interrelated factors are: (1) the balance between the litigation's
> possibility of success and the settlement's future benefits; (2)
> the likelihood of complex and protracted litigation, "with its
> attendant expense, inconvenience and delay," including the
> difficulty in collecting on the judgment; (3) "the paramount
> interests of the creditors", including each affected class's
> relative benefits and "the degree to which creditors either do
> not object to or affirmatively support the proposed settlement";
> (4) whether other parties in interest support the settlement; (5)
> the "competency and experience of counsel" supporting, and
> "the experience and knowledge of the bankruptcy court judge"
> reviewing the settlement; (6) "the nature and breadth of the
> releases to be obtained by officers and directors"; and (7) "the
> extent to which the settlement is the product of "arms length
> bargaining." (Citations omitted)

(478 F.2d at p. 462)   See: *Reserve Capital Corporation v. Levine* 2007 WL 32979

(N.D.N.Y. 2007).

10

Here the evaluation of the aforementioned factors leads to the conclusion that the Bankruptcy Court's approval of the settlement was appropriate.

While Appellant contends that Judge Hardin did not have jurisdiction to decide an issue relating to equitable distribution, Judge Hardin actually noted, "it's basically a claim against the debtor's estate and I think there's no question that the Trustee has the power to settle that claim" (Appellate Document No. 28 at p. 18). Since the commencement of a bankruptcy case creates an estate, it is the Trustee's obligation to "maximize the amount of property available for distribution to creditors according to priorities established by the code." See: *Musso v. Ospashko*, 468 F.3d 99 (2d. Cir. 2006). Here, the Trustee's settlement with Ms. Rivera was merely an extension of the Trustee's obligations as set forth under the Bankruptcy code. As appropriately noted by Judge Hardin, the Trustee is settling a claim against the estate for the benefit of creditors. That the party the Trustee is settling with is the Appellant's estranged spouse is not a reason to disapprove the settlement.

As the Trustee noted during oral argument before Judge Hardin, the Trustee retained the services of special matrimonial counsel to provide an opinion regarding the settlement with Ms. Rivera. Indeed, Judge Hardin made specific reference to the opinion of matrimonial counsel in approving the settlement. It is submitted that the factors set forth above were utilized by Judge Hardin and that the settlement of this matter was appropriately approved.

## CONCLUSION

For the reasons set forth above, the Order of Hon. Adlai S. Hardin, Jr., dated July 26, 2007 should be affirmed.

Dated: White Plains, New York
       November 12, 2007

OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER LLP
Attorneys for Appellee Mark S. Tulis
Chapter 7 Trustee of Anthony Ceraolo

By: _____
Stuart E. Kahan (SK - 7767)
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900
(91) 422-3636 (fax)
skahan@oxmanlaw.com

TO:    Duffy & Atkins
       Seven Penn Plaza
       Suite 420
       New York, New York 10001