UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

ANTHONY CERAOLO,

            Debtor.

Chapter 7

Case No. 07-22197 (ASH)

-----------------------------------------------------------------x
-----------------------------------------------------------------x

In re:

ANTHONY CERAOLO,

            Appellant.

Civil Case No. 07-cv-8400 (CLB)

-----------------------------------------------------------------x

### REPLY BRIEF OF APPELLANT ANTHONY CERAOLO

DUFFY & ATKINS LLP
Todd E. Duffy (TD 9863)
James E. Atkins (JA 4922)
Dennis J. Nolan (DN 0853)
Seven Penn Plaza, Suite 420
New York, New York 10001
Tel: (212) 268-2685
Fax: (212) 500-7972

*Attorneys for Appellant Anthony Ceraolo*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... i

**INTRODUCTION** ..................................................................................................... 1

**PRELIMINARY STATEMENT** ................................................................................ 1

**ARGUMENT** ............................................................................................................. 3

   **POINT I** ................................................................................................................. 3
   **APPELLEE HAS NOT CHALLENGED APPELLANT'S ASSERTION THAT THE BANKRUPTCY COURT LACKED JURISDICTION TO DECIDE THE EQUITABLE DISTRIBUTION ISSUES, A STATE COURT MATTER** .............. 3

   **POINT II** ................................................................................................................ 5
   **APPELLEE HAS FAILED TO REBUT APPELLANT'S ARGUMENT THAT THE BANKRUPTCY COURT ERRED IN HOLDING THAT APPELLANT LACKED STANDING TO OBJECT TO THE SETTLEMENT AGREEMENT** . 5
     A) The Fraudulent Conveyance Litigation Does Not Negate Appellant's Economic Interests ................................................................................................................ 5
     B) Bankruptcy Rule 9019 Supports Appellant's Standing Argument ........................ 7

   **POINT III** .............................................................................................................. 7
   **APPELLEE CITES THE INCORRECT STANDARD OF REVIEW** .................... 7

   **POINT IV** .............................................................................................................. 8
   **THE APPEAL IS NOT MOOT** ............................................................................. 8

**CONCLUSION** ........................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases** PAGE

A.B.C., Inc. v. Stewart, 360 F.3d 90 (2nd Cir. 2004) .......................................................... 9
Chemtex LLC v. St. Anthony Enterprises, Inc., 490 F.Supp.2d 536 (S.D.N.Y. 2007) .. 6, 7
In re Anjum, 78 B.R. 406 (Bankr. S.D.N.Y. 2003) ............................................................ 4
In re Calpine Corp., 2007 WL 3119786 (Bankr. S.D.N.Y. 2007) ..................................... 6
In re Iridium Operating LLC, 478 F.3d 452 (2nd Cir. 2007) .............................................. 8
In re Loronda Murphy, 331 B.R. 107 (Bankr. S.D.N.Y. 2005) ..................................... 5, 6
In re RFE Indus., Inc., 283 F.3d 159 (3rd Cir. 2002) .......................................................... 7
Musso v. Ostashko, 468 F.3d 99 (2d Cir. 2006) ................................................................. 4
Reserve Cap. Corp. v. Levine, 2007 WL 329179 (N.D.N.Y. 2007) .................................. 8

**Statutes and Rules**

N.Y. Dom. Rel. Law § 236(B)(5)(a) .................................................................................. 3
11 U.S.C. § 726(a)(6) ......................................................................................................... 6
Fed. R. Bank. P. Rule 9019 ............................................................................................ 2, 7

**INTRODUCTION**

Appellant/Debtor Anthony Ceraolo ("Appellant") respectfully submits this brief in reply to the Brief of Appellee/Trustee Mark S. Tulis, Chapter 7 Trustee ("Appellee"). Appellant seeks reversal of the order of Bankruptcy Judge Adlai S. Hardin (the "Bankruptcy Court"), dated July 26, 2007 (the "Bankruptcy Court Order") approving Appellee's application to settle the claim of Appellant's spouse (the "Application").

**PRELIMINARY STATEMENT**

Appellee's brief is remarkable as much for what it does not say as for what it says.

Appellee fails to address Appellant's argument that the Bankruptcy Court erred as a matter of law by encroaching on the exclusive jurisdiction of the New York Supreme Court to determine equitable distribution of a marital estate, as plainly delineated by the New York Domestic Relations Law. Appellee offers no legal authority and devotes nothing more than one sentence in response to this critical point. Instead, Appellee merely points to the Bankruptcy Court's comment that the matrimonial claim is a claim against the estate. But the Bankruptcy Court itself, in another case, recognized that a claim against the estate does not arise until a judgment of divorce is issued by the state court. The Second Circuit has recently reaffirmed this rule of law.

Thus, Appellee essentially concedes that the Bankruptcy Court improperly approved that portion of the Settlement Agreement granting Appellant's wife fifty percent of the proceeds of a successful fraudulent conveyance even though the New York Supreme Court has not ruled that the subject properties were marital assets, and, if they are, how they should be distributed upon issuance of a judgment of divorce.

1

Appellee also does not contest that the fraudulent conveyance action could result in a surplus to Appellant. Rather, Appellee relies on a decision of the Bankruptcy Court in another case for the proposition that fraudulent conveyance claims may be limited to the extent that they seek solely to benefit creditors. However, while Appellee makes much ado about his recently-filed adversary proceeding,[1] he does not disclose that his fraudulent conveyance action seeks to avoid the conveyances entirely and to recover the full value of the conveyances. Given that Appellee has not limited the fraudulent conveyance action, the cases on which he relies are unavailing. The proceeds of the fraudulent conveyance action will likely yield a surplus to Appellant and that pecuniary interest gives, as the Bankruptcy Court termed it, "a dog in this fight" for standing purposes.

Further, Appellee misapprehends the standard of review. Appellee asserts that the Bankruptcy Court's Order must not be overturned unless it is "manifestly erroneous and a clear abuse of discretion." But the issues presented on appeal, specifically, standing and jurisdictional overstepping by the Bankruptcy Court, are purely <u>legal</u> issues. As such, this Court must review the Bankruptcy Court's conclusions of law *de novo*.

Appellee also relies on Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") Rule 9019 in arguing that, under the improper standard of review, the Bankruptcy Court's decision was correct. Not only is Appellee's argument irrelevant, but his reliance on Bankruptcy Rule 9019 bolsters Appellant's standing argument. Under Bankruptcy Rule 9019(a), a debtor is an interested party with the right to object to an

---

[1] Appellee filed his Complaint in an adversary proceeding before the Bankruptcy Court on November 2, 2007, after Appellant filed his opening brief, and served the Complaint on November 5, 2007. A true and correct copy of the Complaint, without exhibits, is annexed hereto as <u>Exhibit A</u>.

2

application to approve a settlement.  The Bankruptcy Court denied Appellant that right and its decision should be reversed.

Appellee's argument that this appeal is moot similarly lacks merit.  The transaction cited by Appellee – the sale of the marital home – simply is not an issue on appeal because Appellant did not object to that portion of the Application, a fact admitted by Appellee.  Further, the question before this court is not whether Appellee may initiate a fraudulent conveyance action or not.  Instead, the issue is how the proceeds of such action should be allocated and whether the Bankruptcy Court or the New York Supreme Court should determine the amount and interest of the Appellant's estranged wife in such proceeds.

Since Appellee has failed to meaningfully refute any of Appellant's arguments or offer any new dispositive arguments, this Court should grant Appellant's appeal and reverse the Bankruptcy Court's Order.

## ARGUMENT

### POINT I
### APPELLEE HAS NOT CHALLENGED APPELLANT'S ASSERTION THAT THE BANKRUPTCY COURT LACKED JURISDICTION TO DECIDE THE EQUITABLE DISTRIBUTION ISSUES, A STATE COURT MATTER

Appellee essentially concedes that the Bankruptcy Court erred as a matter of law when it approved the Settlement Agreement granting Appellant's wife an equal share of any proceeds of a successful fraudulent conveyance action in violation of the New York Domestic Relations Law.  Appellant argued that because, under N.Y. Dom. Rel. Law § 236(B)(5)(a), a spouse's right to equitable distribution of the marital assets does not vest until a divorce judgment is obtained, courts in this Circuit have concluded that equitable

distribution issues must be decided by the New York Supreme Court in the matrimonial action. Appellant's Br. at pp. 9-10.

Appellee does not address this black letter law. Instead, Appellee glosses over Appellant's argument by stating: "[t]hat the party Appellee is settling with is the Appellant's estranged spouse is not a reason to disapprove the settlement." Appellee's Br. at p. 11. Appellee relies solely on a comment by the Bankruptcy Court at the hearing on the Application that the matrimonial claim was merely a claim against the estate. Id. Appellee, however, offers no authority to support this assertion.

In fact, the Bankruptcy Court itself previously recognized, in In re Anjum, 78 B.R. 406 (Bankr. S.D.N.Y. 2003) that such a claim against the estate only arises after issuance of a judgment of divorce equitably distributing marital property:

> The divorce judgment results only in a prepetition, unsecured monetary claim on the part of the former spouse entitled to share ratably in the debtor's estate with other unsecured claims.

In re Anjum, 78 B.R. at 406.

This principal was recently reaffirmed and amplified by the Second Circuit in Musso v. Ostashko:

> With respect to marital property, it is the <u>exclusive province of the New York Supreme Court</u> to adjudicate all rights, duties and entitlements as between spouses…To the extent that the state court ultimately establishes an equitable distribution award in favor of a non-debtor spouse after the debtor spouse has filed for bankruptcy, that award transforms the non-debtor spouse into a creditor of the bankruptcy estate….

Musso, 468 F.3d 99, 108 (2nd Cir. 2006) (emphasis added).

Given that a claim in the estate does not yet exist, and in light of uncontroverted authority in this Circuit, the parties are required to litigate in New York Supreme Court whether Appellant's wife has any interest in the disputed marital properties. The

4

Bankruptcy Court should have denied the Application to approve the Settlement Agreement on this ground and its decision should, therefore, be reversed.

**POINT II**
**APPELLEE HAS FAILED TO REBUT APPELLANT'S ARGUMENT THAT THE BANKRUPTCY COURT ERRED IN HOLDING THAT APPELLANT LACKED STANDING TO OBJECT TO THE SETTLEMENT AGREEMENT**

Appellant has a direct financial interest in the outcome of the litigation since the fraudulent conveyance action likely will result in a surplus to the estate. Appellee's Br. at pp. 6-7. The fact that this surplus will arise as a result of a fraudulent conveyance action does not per se divest Appellant of an interest in this surplus. Therefore, Appellant has standing to be heard on this matter.

    A) The Fraudulent Conveyance Litigation Does Not Negate Appellant's Economic Interests

Appellee concedes that a surplus in the estate is likely if the fraudulent conveyance action is successful. Appellee asserts that fraudulent conveyance actions cannot create a surplus that can be distributed to a debtor. Appellee's Br. at pp. 8-9. That argument is without merit.

For support, Appellee relies on In re Loronda Murphy, 331 B.R. 107 (Bankr. S.D.N.Y. 2005), a decision rendered by the Bankruptcy Court. Appellee's Br. at pp. 8-9. In Murphy, the Bankruptcy Court, presented with a motion to dismiss a debtor's intervenor complaint in a fraudulent conveyance adversary proceeding and a motion to limit avoidance damages to amounts owed creditors, held that a Trustee has the right to avoid fraudulent conveyances to the extent necessary to satisfy the claims of creditors. Murphy, 331 B.R. at 126.

But Murphy is unavailing to Appellee. In his recently filed adversary proceeding in the bankruptcy Court, Appellee did not seek to limit the recovery of the fraudulent

5

conveyance litigation.  In fact, Appellee seeks to avoid the <u>entire</u> transfer and recover the <u>full</u> value of each conveyance.  <u>See</u> Exhibit A at ¶¶ 60, 67, 74, 82 and 87.

This is consistent with the underlying motivation for the adversary proceeding. Appellee asserts in his Complaint in the adversary proceeding that Appellant's wife commenced an action in the Supreme Court of the State of New York, Westchester County, seeking "a judgment declaring null and void Appellant's transfers of certain parcels of real property and that the parcels be declared assets in the divorce action and subject to equitable distribution." Exhibit A at ¶ 14.  It is that litigation which Appellee seeks to conduct here.  <u>Id.</u> at ¶ 17.  That fact is significant for two reasons.  First, as discussed in Point I, <u>supra</u>, the equitable distribution of marital assets is purely a matter for the state court in the matrimonial action and is outside the jurisdiction of the Bankruptcy Court.  Second, Appellant is a party-in-interest in the divorce action and clearly has standing to object to the very same issues in that litigation.

Thus, Appellee's reliance on <u>Murphy</u> is defeated by his own adversary proceeding, and also by the equitable distribution issues presented here.  If Appellee is successful in the fraudulent conveyance action, a surplus will exist that, under 11 U.S.C. § 726(a)(6), must be distributed to Appellant.

Appellee's reliance on <u>In re Calpine Corp.</u>, 2007 WL 3119786 (Bankr. S.D.N.Y. 2007) and <u>Chemtex LLC v. St. Anthony Enterprises, Inc.</u>, 490 F.Supp.2d 536 (S.D.N.Y. 2007) is equally inapposite.  Appellee's Br. at p. 9.  Neither case dealt with the issue of whether a debtor had standing to object to a settlement agreement.  In fact, the <u>Calpine</u> court held that a debtor did have standing where it might be able to establish that avoidance claims might benefit the estate, and not solely the debtor.  <u>Calpine</u>, 2007 WL

6

3119786 at *4-5.  In <u>Chemtex</u>, the issue before the Court was whether an unsecured creditor had standing to challenge a fraudulent conveyance.  Thus, these cases are, at most, irrelevant and, at best, support Appellant's standing argument.

      B) <u>Bankruptcy Rule 9019 Supports Appellant's Standing Argument</u>

      Appellee's use of Bankruptcy Rule of 9019 as a sword to protect the Settlement Agreement does not shield him from Appellant's standing argument.  Appellee's Br. at p. 10.  In fact, Rule 9019 itself confers on Appellant standing to object to the Settlement Agreement.  Rule 9019 provides:

> On motion by Appellee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, <u>the debtor</u>, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

Bankruptcy Rule 9019 (a) (emphasis added); <u>see also</u> <u>In re RFE Indus., Inc.</u>, 283 F.3d 159, 163-164 (3rd Cir. 2002) ("[i]t is implicit in Appellant's being given notice in this fashion that Appellant may object to a proposed settlement.").

      Bankruptcy Rule 9019 provides a procedural safeguard for interested parties, including Appellant.  This safeguard includes Appellant's right to object to Appellee's application to approve the Settlement Agreement.  Accordingly, the Bankruptcy Court erred in holding that Appellant lacked standing to challenge the Application.

**POINT III**
**<u>APPELLEE CITES THE INCORRECT STANDARD OF REVIEW</u>**

      Appellee misapprehends the appropriate standard of review on this appeal.  Appellee agrees at the outset that *de novo* review is the appropriate standard.  Appellee's Br. at p. 3.  He later argues, though, that this Court can only overturn the Bankruptcy Court's Order if it was "'manifestly erroneous and a clear abuse of discretion.'"  Appellee's Br. at p. 10.

7

Ironically, while Appellee quotes from the Second Circuit's opinion in In re Iridium Operating LLC, 478 F.3d 452 (2nd Cir. 2007), he overlooks that the Iridium court determined that the abuse of discretion standard applies only to whether the Court reasonably applied Bankruptcy Rule 9019's standard for evaluating a settlement. Iridium, 478 F.3d at 461, ftnt. 13. The Second Circuit recognized that the articulation of Bankruptcy Rule 9019's standard "is a legal issue subject to *de novo* review." Id. (emphasis added). Similarly, in Reserve Cap. Corp. v. Levine, 2007 WL 329179 (N.D.N.Y. 2007), another case cited by Appellee, the Court observed that "a bankruptcy court's legal conclusions are subject to *de novo* review." Reserve Cap. Corp. at *2.

Here, there is a distinction between the merits, a matter which is left to the discretion of the court, and the threshold legal questions. Appellant argues on appeal that the Bankruptcy Court erred in concluding: a) that he lacked standing to object to the Application; and b) that the Bankruptcy Court overstepped its jurisdictional bounds. These are purely legal issues and the Bankruptcy Court's erroneous conclusions on these legal issues must be reviewed *de novo*.

## POINT IV
## THE APPEAL IS NOT MOOT

Appellee's argument that the purchase for $200,000 of Appellee's right, title and interest in the marital residence subsequent to the Bankruptcy Court Order by Appellant's wife moots this appeal lacks merit.[2] As Appellee admits, Appellant did not object to that portion of the Application. Appellee's Br. at p. 1. Since Appellant did not object, that transfer is not an issue on appeal. Logically, a transfer that does not affect an issue on appeal cannot render that appeal moot. But even if this Court determines that Appellant

---

[2] Appellee sought leave to extend the time in which to file his brief so that he could file with this Court a motion to dismiss the appeal as moot on this basis. The Court denied that request.

8

should have sought a stay to prevent this transaction from occurring, the appeal is not moot. An appeal is rendered moot only where "an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." <u>A.B.C., Inc. v. Stewart</u>, 360 F.3d 90, 97 (2nd Cir. 2004). Here, the Court could order Appellant's wife to disgorge the payment, which the Trustee should have retained to distribute to creditors at the conclusion of this case. Thus, Appellee's claim that this appeal is moot should be rejected and the Court should consider it on its the merits.

## **CONCLUSION**

For the reasons set forth above, as well as those in Appellant's opening brief, the Bankruptcy Court's Order should be reversed and the New York Supreme Court matrimonial action should be allowed to continue to the entry of judgment.

Dated:  November 29, 2007
       New York, New York

### DUFFY & ATKINS LLP

By: /s/ Todd E. Duffy
Todd E. Duffy (TD - 9863)
James E. Atkins (JA - 4922)
Dennis J. Nolan (DN - 0853)
Seven Penn Plaza, Suite 420
New York, New York 10001
Telephone: (212) 268-2685
Facsimile:  (212) 500-7972
*Attorneys for Appellant Anthony Ceraolo*