**EXHIBIT A**

OXMAN TULIS KIRKPATRICK WHYATT & GEIGER, LLP
Attorneys for Mark S. Tulis, Chapter 7 Trustee
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900
Stuart E. Kahan, Esq., Of Counsel (SK-7767)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                          Chapter 7
                                                                Case No. 07-22197 (ASH)
ANTHONY CERAOLO,

                                    Debtor.
----------------------------------------------------------X

MARK S. TULIS, as Chapter 7 Trustee
of ANTHONY CERAOLO, Debtor,                                     Adv. Pro. No.

                                    Plaintiff,

        -against-

ANTHONY CERAOLO, EUGENE ARRIGONI,
108 Main Street Corp., 108A Main Street, Corp.,
FUELSTOP, INC., HAL H. OZKURT and KATHLEEN
DeHERRERA,
                                    Defendants.
----------------------------------------------------------X


### COMPLAINT

        Mark S. Tulis, as Chapter 7 Trustee of the Estate of Anthony Ceraolo, Debtor, by his

attorneys OXMAN TULIS KIRKPATRICK WHYATT & GEIGER, LLP., as for his

Complaint against defendants Anthony Ceraolo, Eugene Arrigoni, 108 Main Street Corp., 108A Main Street, Corp., Fuelstop, Inc., Hal H. Ozkurt and Kathleen DeHerrera, hereby alleges as follows:

## NATURE OF THIS ACTION

1. This is an action by Mark S. Tulis Chapter 7 Trustee of Anthony Ceraolo, Debtor, to: (a) avoid a fraudulent transfer from Anthony Ceraolo to 108 Main Street Corp. and/or 108A Main Street Corp.; (b) avoid a fraudulent transfer from 108 Main Street Corp. and/or 108A Main Street Corp. to Eugene Arrigoni; (c) avoid a fraudulent transfer from Anthony Ceraolo to Fuel Stop, Inc.; (d) avoid a fraudulent transfer from Fuel Stop, Inc. to Hal H. Ozkurt; (e) avoid a fraudulent transfer from Anthony Ceraolo to Kathleen DeHerrera; (f) recover damages for the Estate of Anthony Ceraolo; and (g) for such other and further relief as this court deems just and proper.

## PARTIES

2. Plaintiff Mark S. Tulis is the Chapter 7 ("Trustee") of the Estate of Anthony Ceraolo, Debtor. The Trustee maintains his principal place of business at 120 Bloomingdale Road, White Plains, New York 10605.

3. Defendant Anthony Ceraolo ("Debtor") resides at 44 Briary Road, Dobbs Ferry, New York.

4.    The Debtor filed a voluntary Chapter 7 petition on March 7, 2007 pursuant to Chapter 7 of the Bankruptcy Code.  The Trustee was appointed as the interim Trustee, succeeded as permanent Trustee, and is presently serving in that capacity.

5.    Defendant Eugene Arrigoni is an individual, who, upon information and belief, resides at 1814 Morning View Road, Yorktown Heights, New York 10598.  Upon information and belief, Mr. Arrigoni is the current owner of premises located at 108 Main Street, Dobbs Ferry, New York and previously he was a shareholder in 108 Main Street Corp. and/or 108A Main Street Corp. with defendant Anthony Ceraolo.

6.    Defendant 108 Main Street Corp. is an entity allegedly created by the Debtor for purpose for allowing the Debtor to transfer ownership of the land and premises at 108 Main Street from the Debtor to a corporation.  Upon information and belief, the database listing for the New York State Secretary of State does not contain any listing for an entity called 108 Main Street Corp.

7.    Defendant 108A Main Street Corp. is a corporation organized pursuant to the laws of the State of New York.  Pursuant to information obtained from the database of the New York State Department of State, 108A Main Street Corp. is an inactive corporation.

8.    Defendant Fuelstop, Inc. ("Fuelstop") is a corporation organized pursuant to the laws of the State of New York.  Pursuant to the database of the New York State Department of State, Fuelstop was organized on June 29, 2004. Upon information and

3

belief, Fuelstop, Inc. operates at 1665 Bartow Avenue, Bronx, New York.

9.    Defendant Hal H. Ozkurt ("Ozkurt") is an individual, who upon information and belief, resides at 148 Cowles Avenue, Yonkers, New York 10704. Upon information and belief, defendant Ozkurt is the current sole shareholder of defendant Fuelstop.

10.   Defendant Kathleen DeHerrera is an individual who, upon information and belief, resides at 1056 Neilson Street, Apartment 2F, Far Rockaway, New York. Upon information and belief, defendant DeHerrera is the daughter of the Debtor.


## JURISDICTION AND VENUE

11.   This court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. Section 157 and Section 1334. This matter is a core proceeding under 28 U.S.C. Section 157(b)(2)(A)(E)(H).

12.   Venue in this court is proper pursuant to 28 U.S.C. Section 1409.


## FACTS RELEVANT TO ALL COUNTS

13.   The Debtor is a defendant in a matrimonial action seeking divorce commenced by his spouse Janet Rivera. That action, Rivera v. Ceraolo is pending in Supreme Court of the State of New York, County of Westchester under Index No. 11605/06.

14.   On July 17, 2006, Janet Rivera commenced an action under Index No. 13119/06 in Supreme Court of the State of New York County of Westchester naming as

4

defendants Anthony J. Ceraolo, Kathleen DeHerrera, Tonia Ceraolo, 108 Main Street Corp., Bartow Amoco Gas Service, Ltd., Bartow Services, Inc., Chalet Development, Inc., and Harbor Real Estate Trust.  Janet Rivera seeks a judgment declaring null and void the debtor's transfers of certain parcels of real property and that the parcels be declared assets in the divorce action and subject to equitable distribution.  (Complaint annexed as Exhibit "A").

15.     On May 11, 2007, Janet Rivera commenced an action against defendant Eugene Arrigoni under Index No. 08984/2007 in Supreme Court of the State of New York, County of Westchester.  Janet Rivera seeks a judgment declaring null and void the alleged transfer of the land and premises at 108 Main Street, Dobbs Ferry, New York from the Debtor to Arrigoni. (Complaint annexed hereto as Exhibit "**B**").

16.     This Court in an order dated July 26, 2007 directed that "all fraudulent transaction litigations be litigated in Bankruptcy Court by the Trustee and ...that the net proceeds of the fraudulent transaction litigation be shared equally between the Estate and Ms. Rivera."  (July 26, 2007 Order annexed hereto as Exhibit "**C**").

17.     Based upon the Order of this Court, the litigation relating to the fraudulent conveyances detailed herein is to be conducted in the Bankruptcy Court as part of an Adversary Proceeding commenced by the Chapter 7 Trustee.

## 108 Main Street, Dobbs Ferry, New York.

18.  By Deed dated September 4, 1998, defendant purchased the land and building located at 108 Main Street, Dobbs Ferry, New York from APAS Realty. That deed, a copy of which is annexed hereto as Exhibit "**D**" was recorded in the office of the Westchester County Clerk on November 18, 1998.

19.  Upon information and belief, the purchase price for the premises at 108 Main Street was $70,000 (Rule 2004 Examination of Anthony Ceraolo conducted on June 18, 2007 at pp. 25-26 pertinent pages annexed as Exhibit "**E**").

20.  Upon information and belief, Ceraolo was in full control of the premises at 108 Main Street prior to the creation of defendant 108 Main Street Corp. and/or 108A Main Street Corp. (Anthony Ceraolo Examination Before Trial conducted on July 26, 2007 at pp. 123-124 pertinent pages annexed hereto as Exhibit "**F**").

21.  The Debtor allegedly, borrowed approximately $55,000 from defendant Arrigoni for repairs to the premises at 108 Main Street. (Rule 2004 Examination at pp. 29-32).

22.  On November 9, 2001, the Debtor allegedly executed a Deed whereby his ownership in 108 Main Street was transferred to a non-existent entity identified as 108 Main Street Corp. (Deed annexed hereto as Exhibit "**G**").

23.  That Deed was not recorded by the Westchester County Clerk until July 22, 2005. (Recording information annexed hereto as Exhibit "**H**").

24.  At his Rule 2004 Examination, the Debtor could not provide any reason for the

almost four year delay in recording this Deed. (Rule 2004 Examination at p. 41).

25.    108 Main Street Corp., while a non-existent entity, reportedly had two shareholders, the Debtor and Defendant Arrigoni. (Rule 2004 Examination at pp. 40-41 and Examination Before Trial at p.120-123).

26.    Upon information and belief, the Debtor knew Arrigoni for many years. (Rule 2004 examination at pp. 45-46)

27.    The document recording the November 9, 2001 Deed from the Debtor to 108 Main Street Corp. reflects that the Debtor received no consideration for the transfer of his ownership in the premises. (Exhibit "**H**").

28.    Upon information and belief, on October 31, 2005, approximately three months after the November 9, 2001 Deed from the Debtor to 108 Main Street Corp. was recorded, another Deed was signed transferring ownership of the premises from 108 Main Street Corp. to Arrigoni personally. (October 31, 2005 deed annexed hereto as Exhibit "**I**"). That Deed was recorded in the office of Westchester County Clerk on September 11, 2006. (Recording documentation annexed hereto as Exhibit "**J**").

29.    The October 31, 2005 deed was signed on behalf of 108 Main Street Corp. by Hada Hernandez, described as the president of the non-existent corporation.

30.    When the Debtor transferred his interest in the premises at 108 Main Street to 108 Main Street Corp., he claimed to have received ten shares or 5% percent while Arrigoni maintained 190 shares or 95%. (Rule 2004 Examination at p. 40).

7

31.   Upon information and belief, when the Debtor transferred his interest in 108 Main Street to 108 Main Street Corp./108A Main Street Corp. and Arrigoni no corporate formalities were observed.  Upon information and belief, there were no corporate documents, no by-laws, no shareholder certificates, etc. regarding the corporate activities of the Debtor and Arrigoni.

32.   The Debtor allegedly received $1,000 for his ten shares of 108 Main Street Corp. (Rule 2004 Examination at pp. 42-43, Exhibit "**J**").

33.   The Debtor testified that he received the $1,000 from Arrigoni in the form of ten one hundred dollar bills.  (Examination Before Trial at p. 227).

34.   Despite the fact that all of the deeds referenced above mention 108 Main Street Corp., the Debtor testified at his Rule 2004 Examination and Examination Before Trial that the proper entity was 108A Main Street Corp., an inactive corporation set up by the Debtor's accountant.  (Rule 2004 Examination at pp.107-110, Examination Before Trial at pp. 122-125, 141, 142, Documentation from Secretary of State, annexed hereto as Exhibit "**K**").

35.   Upon information and belief, after the Debtor executed the Deed transferring his ownership interest to 108 Main Street Corp. or 108A Main Street Corp., the Debtor continued to act as owner of the premises. The Debtor's inidicia of ownership was evidenced in the following ways:

   a.    The Debtor did not notify municipal officials that there had been a change in ownership and indeed the executed documents as

8

owner of the premises; (Examination Before Trial at p. 184-188).

b.    The Debtor identified himself as landlord and negotiated leases for the commercial and residential space at the premises; (Lease agreements annexed hereto s Exhibit "**L**").

c.    The Debtor identified himself as landlord, accepted checks for rent made out in his name and not in the name of 108 Main Street Corp. or 108A Main Street Corp. (Checks annexed hereto as Exhibit "**M**").

36.    At his Examination Before Trial, the Debtor testified that he did not know that Arrigoni had obtained a mortgage in the amount of $240,000 on the premises at 108 Main Street subsequent to Arrigoni becoming the sole owner of the premises. (Examination Before Trial at pp. 236-237).

37.    Upon information and belief, when the Debtor transferred his interest in 108 Main Street Corp. to Arrigoni, the Debtor received $1,000. Upon information and belief, an appraisal of the premises at 108 Main Street in September, 2006 showed the value of the property to be $750,000. (Appraisal annexed as Exhibit "**N**").

## Fuelstop, Inc.

38.    On March 6, 2006, the Debtor executed an affidavit in connection with the case of BP Products North America, Inc. v. Fuelstop, Inc., Tony Ceraolo and Hal Ozkurt, Civil Action No. 06 CV 1507 (NRB). (Debtor's affidavit is annexed hereto as Exhibit "**O**").

39.   The Debtor stated in his affidavit that, "prior to January 17, 2005, I operated the gasoline service station located at 1665 Bartow Avenue, Bronx, New York 10465 (the "Station") as an Amoco dealer for approximately seven (7) years."

40.   Further in the affidavit, the Debtor stated, "at all times relevant, I held the lease to the Station, and am the landlord for Fuelstop, Inc. ("Fuelstop"), the current sub-tenant and operator."

41.   The Debtor also stated, "prior to January 17, 2005, I entered into an agreement with Hal Ozkurt ("Ozkurt")  to allow him to operate the station as a principal of a corporation in which I would become the minority shareholder in order to facilitate a smooth transition of the business to him."

42.   Upon information and belief,  Ozkurt created Fuelstop, Inc. as part of the agreement with the debtor.  (Exhibit "**O**", paragraph  9).

43.   The Debtor acknowledged in his affidavit  that, "originally, Ozkurt issued 96 of the 200 outstanding shares of Fuelstop to me.  However, I surrendered the shares back to the corporation shortly after they were issued to me in March, 2005, due to my deteriorating physical condition."

44.   Upon information and belief, the Debtor did not receive any consideration for the 96 shares or 48% ownership of Fuelstop of which he was the owner as of March, 2005.

45.   The information contained in the debtor's affidavit should be contrasted with his testimony at his Examination Before Trial testimony where the debtor testified that

he was never a member of Fuelstop.

46.   In the aforementioned Federal Court action, a stipulated judgment was recently entered by Judge Buchwald.  Upon information and belief, that Judgment, annexed hereto as Exhibit "**P**" provides, "that a judgment may enter against defendant Tony Ceraolo in favor of the plaintiff BP Products North America, Inc. in the sum of $67,000, with interest...from November 7, 2006.." Upon information and belief, the debtor has not made any payment on this Judgment.

### 2445 Westervelt Avenue, Bronx, New York

47.   Upon information and belief, the Debtor was the owner of premises located at 2445 Westervelt Avenue, Bronx, New York.

48.   Upon information and belief, on March 22, 1994, the Debtor executed a Deed whereby he transferred the ownership of 2445 Westervelt Avenue to his daughter defendant Kathleen DeHerrera.

49.   Despite the fact that the Deed was dated at March 22, 1994, the Deed was not recorded in the New York City Department of Finance, Office of the City Register until January 18, 2006, nearly twelve years later. (Registration document annexed as Exhibit "**Q**").

50.   Upon information and belief, on January 17, 2006, just one day <u>before</u> the Deed transferring ownership of 2445 Westervelt Avenue from the Debtor to DeHerrera was

11

recorded, defendant DeHerrera executed a Durable General Power of Attorney in favor of the Debtor. Defendant DeHerrera and the Debtor gave as their address 2445 Westervelt Avenue, Bronx, New York. (Durable General Power of Attorney annexed hereto as Exhibit "**R**").

51. The Power of Attorney included authority "specifically related to real estate transactions at 2445 Westervelt Avenue, Bronx, New York."

52. Upon information and belief, shortly after the Durable Power of Attorney was executed, the Debtor obtained a mortgage in the amount of $250,000 on the Westervelt Avenue property without notifying DeHerrera. (Rule 2004 Examination at pp. 89-91).

53. Upon information and belief, the mortgage money obtained on the Westervelt Avenue property was used by the Debtor to purchase property in Florida. (Rule 2004 Examination at p. 89).

54. Upon information and belief, despite the execution of the Deed to his daughter in 1994, the Debtor continued to exercise control over the property as if he remained the property's true owner. (Examination Before Trial at pp. 410-441).

## COUNT I

**FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 276 AGAINST ALL DEFENDANTS**

55.     The Trustee repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "54" as if more fully set forth herein.

56.     The Debtor transferred his ownership in the premises at 108 Main Street, Dobbs Ferry, New York to 108 Main Street Corp. and/or 108A Main Street Corp. without any consideration with actual intent to hinder, delay or defraud either present or future creditors.

57.     The Debtor transferred his interest in 108 Main Street Corp. and/or 108A Main Street Corp. to defendant Arrigoni for the sum of $1,000, representing the Debtor's alleged 5% interest in the premises which sums was significantly below the appraised value of $750,000 and the Debtor's actual interest in the property with actual intent to hinder, delay or defraud either present or future creditors.

58.     The Debtor transferred his 48% ownership interest in defendant Fuelstop, Inc. to defendant Ozkurt without any consideration with actual intent to hinder, delay or defraud either present or future creditors.

59.     The Debtor transferred his interest in the property at 2445 Westervelt Avenue to defendant DeHerrera without any consideration with actual intent to hinder, delay or defraud either present or future creditors.

60.     By reason of the foregoing, such conveyances should be avoided and the Trustee is

13

entitled to set aside and recover from the transferees the value of the conveyances.

## COUNT II

## FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 273, 273-A AGAINST ALL DEFENDANTS

61.    The Trustee repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "60" as if more fully set forth herein.

62.    The Debtor transferred his interest in the premises at 108 Main Street, Dobbs Ferry, New York to an entity called 108 Main Street Corp., an entity not found to exist in the database of the New York State Department of State for no consideration.

63.    The Debtor who was reportedly one of two shareholders of defendant 108 Main Street Corp. transferred his interest to defendant Arrigoni for little or no consideration.

64.    The Debtor transferred his interest in defendant Fuelstop, Inc. to defendant Ozkurt for no consideration.

65.    The Debtor transferred his interest in 2445 Westervelt Avenue, Bronx, New York to defendant DeHerrera for no consideration.

66.    The Debtor's estate was insolvent on the dates of such transfers, or became insolvent as a result of such transfers.

67.    By reason of the foregoing, such transfers should be avoided and the Trustee is entitled to set aside and recover from the transferees the value of the conveyances.

14

## COUNT III

**FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR AND CREDIT OF LAW SECTION 274 AGAINST ALL DEFENDANTS**

68.     The Trustee repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "67" as if more fully set forth herein.

69.     The Debtor fraudulently transferred his interest in the premises at 108 Main Street, Dobbs Ferry, New York to the entity known as 108 Main Street Corp. and/or 108A Main Street Corp.

70.     Upon information and belief, the Debtor fraudulently transferred his interest in defendant 108 Main Street Corp. to defendant Arrigoni.

71.     Upon information and belief, the Debtor fraudulently transferred his interest in defendant Fuelstop, Inc. to defendant Ozkurt.

72.     Upon information and belief, the Debtor fraudulently transferred his interest in 2445 Westervelt Avenue, Bronx, New York to defendant DeHerrera.

73.     The Debtor received less than fair consideration for these conveyances which constitute fraudulent conveyances as to present creditors and as to persons who may become creditors in the future.

74.     By reason of the foregoing, such conveyances should be avoided and the Trustee is entitled to set aside and recover from transferees the value of those conveyances.

## COUNT IV

## FRAUDULENT TRANSFERS UNDER NEW YORK DEBTOR AND CREDITOR LAW SECTION 275 AGAINST ALL DEFENDANTS

75.     The Trustee repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "74" as if more fully set forth herein.

76.     The Debtor fraudulently transferred his interest in the premises located 108 Main Street, Dobbs Ferry, New York to the entity known as 108 Main Street Corp.

77.     Upon information and belief, the Debtor fraudulently transferred his interest in defendant 108 Main Street Corp. to defendant Arrigoni.

78.     Upon information and belief, the Debtor fraudulently transferred his interest in defendant Fuelstop, Inc. to defendant Ozkurt.

79.     Upon information and belief, the Debtor fraudulently transferred his interest in 2445 Westervelt Avenue, Bronx, New York to defendant DeHerrera.

80.     These transfers were made at a time when the Debtor intended to, or believed that he would incur debts beyond his ability to pay as such debts matured.

81.     These transfers were made without fair consideration and constitute fraudulent conveyances as to both present and future creditors.

82.     By reason of the foregoing, such conveyances should be avoided and the Trustee is entitled to set aside and recover from transferees the value of the conveyances.

## COUNT V

**UNJUST ENRICHMENT AGAINST DEFENDANTS 108 MAIN STREET CORP., 108A MAIN STREET CORP., EUGENE ARRIGONI, HAL H. OZKURT, FUELSTOP INC. AND KATHLEEN DeHERRERA**

83.    The Trustee repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" as if more fully set forth herein.

84.    Through the wrongful and fraudulent transfer of the Debtor's interest in the premises located 108 Main Street, Dobbs Ferry, New York, the Debtor's interest in defendant 108 Main Street Corp., and/or 108A Main Street Corp., the Debtor's interest in defendant Fuelstop, Inc. and the Debtor's interest in 2445 Westervelt Avenue, Bronx, New York, defendants Eugene Arrigoni, Hal H. Ozkurt, Kathleen DeHerrera, 108 Main Street Corp., 108A Main Street Corp., and Fuelstop, Inc., have unjustly received and retained a substantial benefit that belongs to the Debtor's Estate and its creditors.

85.    Defendants Eugene Arrigoni, Hal H. Ozkurt, Kathleen DeHerrera, 108 Main Street Corp., 108A Main Street Corp. and Fuelstop, Inc., have benefitted from the receipt of such transfers and the retention of any benefits from those transfers violate fundamental principals of justice and equity.

86.    Defendants Eugene Arrigoni, Hal H. Ozkurt, Kathleen DeHerrera, 108 Main Street Corp., 108A Main Street Corp. and Fuelstop, Inc. are liable to the Debtor's estate for unjust enrichment.

87.    By virtue of the foregoing, defendants Eugene Arrigoni, Hal H. Ozkurt, Kathleen

17

DeHerrera, 108 Main Street Corp., 108A Main Street Corp. and Fuelstop, Inc. are liable to reimburse the Debtor's estate for the amounts received by them as a result of the aforementioned fraudulent conveyances.

**WHEREFORE**, the Trustee respectfully requests entry of judgment as follows:

a.    On Count I setting aside and recovering from the Debtor and the transferees the value of the transfers in an amount to be determined at trial;

b.    On Count II setting aside and recovering from the Debtor and the transferees the value of the transfers in an amount to be determined at trial;

c.    On Count III, setting aside and recovering from the Debtor and the transferees the value of the transfers in an amount to be determined at trial;

d.    On Count IV, setting aside and recovering from the Debtor and the transferees the value of the transfers in an amount to be determined at trial; and

e.    On Count V, recovering from the transferees the value of the transfers in an amount to be determined at trial.

Dated:    White Plains, New York
          November 2, 2007

by:    Stuart E. Kahan, Esq. (SK-7767)
**OXMAN TULIS KIRKPATRICK
WHYATT & GEIGER, LLP**
120 Bloomingdale Road
White Plains, New York 10605
(914) 422-3900  - office
(914) 422-3636 - facsimile
skahan@oxmanlaw.com
*Attorneys for Mark S. Tulis as Chapter 7 Trustee
for Anthony Ceraolo, Debtor.*

18