UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

ANTHONY CERAOLO,                                    07 Civ. 8400 (CLB)

*Memorandum and Order*

                        Appellant.
----------------------------------------------------------x

Brieant, J.

Before this Court is Appellant-Debtor Anthony Ceraolo's appeal from the order of the Bankruptcy Court of the Southern District of New York (Hardin, J.) dated on July 26, 2007, approving the trustee's settlement with the debtor's wife. The debtor appeals on the grounds that (1) the bankruptcy court erred in holding that the debtor did not have standing to object to the bankruptcy trustee's application for an order approving his settlement with the debtor's wife, and (2) the bankruptcy court erred in approving the trustee's settlement with the debtor's wife, which provided the wife with fifty percent of both the marital home and the proceeds, if any, of a fraudulent conveyance action, when the New York State Supreme Court had yet to rule on the divorce or the distribution of the marital estate. The bankruptcy trustee, Mark S. Tulis, opposes the appeal and argues that the bankruptcy court was correct in its holdings.

**Facts**

In June 2006, the debtor's wife, Janet Rivera, commenced an action for divorce in the Supreme Court of the State of New York. She sought a judgment determining the respective rights of the parties in separate and marital property and equitable distribution of the marital property, including the marital home. Ms. Rivera also brought a separate action in the Supreme

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

Court of the State of New York to set aside certain transfers of real property by the debtor (the "fraudulent conveyance action"). In February 2007, Ms. Rivera moved to consolidate the matrimonial action and the fraudulent conveyance action.

Mr. Ceraolo filed his voluntary bankruptcy petition on March 7, 2007. Mark S. Tulis was appointed Chapter 7 Trustee to administer the bankruptcy estate. Pursuant to 11 U.S.C. § 362, the matrimonial action and fraudulent conveyance action were both automatically stayed as of the petition date.

On March 22, 2007, Ms. Rivera filed a motion to modify the automatic stay to permit the matrimonial action to continue to its conclusion, which would include the resolution of the parties' distributive interest in the marital property. On April 4, 2007, the bankruptcy court granted the motion, providing as follows:

> 1.) Pursuant to 11 U.S.C. Section 362(d) the automatic stay herein is modified so as to permit the Applicant to continue prosecution of her pending marital proceedings against the Debtor to a conclusion in the Supreme Court of the State of New York, County of Westchester in all respects.
>
> 2.) This Order shall have no effect on any other pending litigation between the [Applicant] and the Debtor.
>
> 3.) In the event the Applicant is successful in obtaining a judgment from the Matrimonial Court for her distributive share of the marital property, the automatic stay shall remain in effect with respect to any and all of Applicant's enforcement rights with respect to said judgment.

(Order Modifying the Automatic Stay, Apr. 4, 2007.)

On June 14, 2007, the Trustee filed an Application for an Order Approving Settlement of Trustee's Claim ("Application"), which asked the bankruptcy court to approve an agreement reached between the Trustee and Ms. Rivera that "a. Ms. Rivera would pay $200,000.00 to the

2

estate to settle equitable distribution claims by the estate on the [marital home]; b. All fraudulent transaction litigations would be litigated in bankruptcy court by the Trustee; and c. The net proceeds of the fraudulent transaction litigations would be shared equally between the estate and Ms. Rivera." (Motion to Approve ¶ 5.) The debtor objected to the Application on the ground that all decisions regarding entitlement to and distribution of marital assets should be decided by the Supreme Court in the matrimonial action and these decisions had not yet been reached in the matrimonial action.

After hearing oral arguments on July 25, 2007, the bankruptcy court ruled that the settlement was reasonable and the court signed the order granting the Application on July 26, 2007. The court reasoned that the debtor had no standing to object to the Application because "the debtor has [no] economic standing in a fraudulent conveyance action where it is the debtor himself who is alleged to have fraudulently conveyed property." (July 25, 2007 Tr. 16:19-22, 17:4-5.) This was so even where the fraudulent conveyance action might ultimately result in a surplus to the bankruptcy estate, which would result in a distribution to the Debtor. (*See* July 25, 2007 Tr. 16:6-10.) The bankruptcy court also held that it had "the power and the jurisdiction to approve of the . . . settlement of the wife's claim against the debtor's estate." (July 25, 2007 Tr. 19:15-24.)

The debtor appealed to this Court on September 27, 2007 and filed his brief in support of his appeal on October 18, 2007. The Trustee filed his opposition on November 12, 2007. The debtor filed a reply on November 29, 2007. This Court reviewed the oral arguments held on January 15, 2007 before United States Magistrate Judge George A. Yanthis.

3

## Discussion

This Court reviews the bankruptcy court's determinations of issues of law *de novo*. *See, e.g., In re Refco Inc.*, 505 F.3d 109, 116 (2d Cir. 2007). There are two issues of law before this Court, (1) whether the debtor had standing to object to the Application where the debtor was alleged to have fraudulently conveyed property but where a fraudulent conveyance action might result in a surplus to the bankruptcy estate, and (2) whether the bankruptcy court had the power to approve of the trustee's settlement of the debtor's wife's claim against the bankruptcy estate, which involved the disposition of certain marital property while a divorce action was pending in state court.

If this Court concludes that the bankruptcy court had the authority to approve of the trustee's settlement of the debtor's wife's claim, this Court may review the reasonableness of the settlement only for clear error. *See* Fed. R. Bankr. P. 8013 ("Findings of fact . . . shall not be set aside unless clearly erroneous . . . ."); *In re Refco Inc.*, 505 F.3d at 116 ("The bankruptcy court's application of those principles [of law] to the settlement is reviewed for abuse of discretion.").

*Standing*

The debtor correctly states that, in general, a debtor has standing to object to the handling of the bankruptcy estate if there will be a surplus in the estate after all creditors' claims are paid. *See In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115-16 (2d Cir. 2000.). However, neither the debtor nor the trustee has pointed to any binding case law that states whether this general rule applies where the surplus would result from a successful fraudulent conveyance action against the debtor.

4

The debtor urges that there is no exception to the general rule permitting the debtor to object, even when the surplus would result from a fraudulent conveyance action against the debtor. The trustee argues that the bankruptcy court was correct in its reasoning that the "fraudulent conveyance claim is not for the benefit of the debtor. Were there no creditors or [were] the creditors['] claims to be satisfied by other means, there would be no fraudulent conveyance claim on behalf of a debtor seeking to [undo] his own fraudulent conveyance." (July 25, 2007 Tr. 16-17:4-5.)

This Court agrees with the bankruptcy court that the debtor in this action has no standing to object to the Application.

*Division of Marital Assets*

Because the debtor has no standing to object to the trustee's settlement with the debtor's wife, this Court may not need to address the next issue before this Court, which is whether the bankruptcy court had the authority to approve a settlement of the debtor's bankruptcy estate's interest and the debtor's wife's interest in real property that was the subject of a pending matrimonial proceeding.

The debtor argues that a spouse's right to equitable distribution of the marital assets does not vest until a divorce judgment is obtained and, since there had not yet been a judgment of equitable distribution, the bankruptcy court had no authority to approve a settlement which provided for a 50/50 distribution between the debtor and his wife of the marital home and the potential proceeds of a fraudulent conveyance action.

5

The bankruptcy court noted that "it is true that as a general rule matrimonial claims if they're to be litigated are going [to] be litigated and resolved in the domestic relations court . . . . However, in terms of the wife's claim to equitable distribution, that claim is in effect a claim against the debtor's estate which is vested in Mr. Tulis as the trustee." (July 25, 2007 Tr. 18-19.) The bankruptcy court thus held that it had "the power and the jurisdiction to approve of . . . the settlement of the wife's claim against the debtor's estate." (July 25, 2007 Tr. 19:20-21.)

"[T]he commencement of a bankruptcy case creates an estate, to be comprised of 'all legal and equitable interests" of the debtor, "wherever located and by whomever held.'" *Musso v. Ostashko*, 468 F.3d 99, 104 (2d Cir. 2006) (quoting 11 U.S.C. § 541(a)). Since the state court had not yet awarded equitable distribution of the marital property, the debtor's interest in the marital property became part of the bankruptcy estate. *See id.* at 108 (holding that the marital property in dispute became part of the bankruptcy estate because, although the state court had made an award of equitable distribution, the judgment was entered after the bankruptcy petition was filed); *accord Matter of Palmer*, 78 B.R. 402, 406 (Bankr. E.D.N.Y. 1987) ("Upon the filing of the Chapter 7 all of the property of the debtor becomes property of the estate. (11 U.S.C. § 541). Since no equitable distribution award had vested at the time of the filing of the petition, the debtor's property came into the estate free of the claims of the spouse. Therefore, the scope of the enforcement of the rights recognized or created by the matrimonial court, to the extent that they affect property of the estate, is the sole and exclusive province of this court."). The debtor's filing of a bankruptcy petition before a state court judgment of equitable distribution "cut[] off the non-debtor spouse's inchoate rights in marital property, and [left] her with a general unsecured claim." *In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996), *cited in Musso*, 468 F.3d at 108.

6

A bankruptcy court has the authority to approve a trustee's settlement of a creditor's claims against the bankruptcy estate, including unsecured claims. *See* 11 U.S.C. §§ 101(5)(A) (defining "claim" to include any "right to payment . . . secured, or unsecured"); Fed. R. Bankr. P. 9019 ("On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."). Therefore, bankruptcy court in this case had the authority to approve the trustee's settlement with the debtor's wife, which was limited to the marital home and two other properties that were the subject of a fraudulent conveyance action brought by the debtor's wife, even though, in general, the distribution of property between spouses falls under the jurisdiction of the state courts, *see* N.Y. Dom. Rel. Law § 236(B)(5)(a) ("[T]he court . . . shall determine the respective rights of the parties in their separate or marital property, and shall provide for the disposition thereof in the final judgment.").

Having concluded that the bankruptcy court had the authority to approve of the trustee's settlement with the debtor's wife, this Court finds no reason to believe that the bankruptcy court's approval of the settlement as reasonable was clearly erroneous.

The order appealed from is affirmed.

SO ORDERED.

Dated: White Plains, New York
February 14, 2008

*[signature]*
Charles L. Brieant, U.S.D.J.